UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
DENVER DIVISION

**DAVID KEITH JENSON,**

    Plaintiff,

v.                                         Case No.: 1:18-cv-01240-MEH

**THE GREEN SOLUTION (TGS) and
EDDIE CARRARO,**

    Defendants.
_____/

## DEFENDANTS' MOTION TO COMPEL ARBITRATION
## AND DISMISS OR STAY CASE AND SUPPORTING MEMORANDUM OF LAW

COME NOW Defendants The Green Solution (TGS) (referred to herein as "TGS")[1] and Eddie Carraro ("Carraro"), by and through their undersigned counsel, pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, and hereby file their Motion to Compel Arbitration and to Dismiss or Stay Case and supporting Memorandum of Law, stating as follows:

## MOTION

1. Plaintiff filed his Complaint in this case against TGS on May 21, 2018, alleging violations of Titles VI and VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000d, 2000e, respectively) and the Civil Rights Acts of 1866 (42 U.S.C. § 1981). (Doc 1 p. 3.) Plaintiff did not immediately serve the Complaint, so Defendant had no notice that the lawsuit had been filed. A

---

[1] Plaintiff is suing his former employer, TGS Management, LLC, which has been misidentified by Plaintiff as "The Green Solution (TGS)." TGS expressly reserves the right to seek dismissal of Plaintiff's claims on this basis in a subsequent Rule 12 motion to dismiss should this Court deny the instant Motion.

scheduling conference was held before this Court on July 18, 2018, at which Defendants were neither present nor represented. (Docs. 5, 6)

2. Following the scheduling conference, Plaintiff filed a motion seeking leave to amend his Complaint on August 6, 2018. (Doc. 7.) The Court denied Plaintiff's request as moot on August 7, 2018, pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure which permits parties to amend pleadings once as a matter of course "since [Plaintiff] has not yet served Defendant." (Doc. 8.) Plaintiff's Amended Complaint was docketed by this Court as the operative pleading in this case effective August 7, 2018. (Doc. 9.)

3. Plaintiff's Amended Complaint added Eddie Carraro (TGS Management, LLC's former Vice President of Human Resources) individually as a Defendant. (*Id.*) The Amended Complaint alleges employment discrimination claims in violation of Title VII (42 U.S.C. § 2000e), the Age Discrimination in Employment Act (29 U.S.C. § 621, *et seq.*), and 42 U.S.C. § 1981.[2] (Doc. 9 pp. 2–4.)

4. TGS was served with a copy of the Summons and Amended Complaint on August 7, 2018. As of the date of filing this Motion, Carraro has never been served with either the original Complaint or Amended Complaint.[3] This Motion is thus filed timely pursuant to the Federal Arbitration Act and the Federal Rules of Civil Procedure.[4]

---

[2] Plaintiff also checked the boxes in the form complaint for "Relevant state law" and "Relevant city or county law," but failed to identify any state or local laws with specificity. Without any way of identifying those claims, this Motion assumes Plaintiff has abandoned any claims under state or local law for failure to specifically plead any such claims. *See Mooring Capital Fund, LLC v. Knight*, 388 F. App'x 814, 824 (10th Cir. 2010) (affirming dismissal of unpled claims).

[3] Carraro expressly reserves his right to seek dismissal of Plaintiff's claims on this basis in a subsequent Rule 12 motion to dismiss should this Court deny the instant Motion.

[4] Defendants hereby expressly reserve their right to file their respective Rule 12 motions to dismiss and assert counter-claims against Plaintiff if this Motion is denied by this Court. *Conrad v. Phone Dirs. Co.*, 585 F.3d 1376, 1382 n. 2 (10th Cir. 2009).

5. As set forth in greater detail below in Defendants' Memorandum of Law, this case should be dismissed in its entirety because all of Plaintiff's claims are subject to a valid and enforceable mandatory arbitration provision contained in the employment agreement Plaintiff signed when he began his employment with TGS Management, LLC (the "Agreement"). A copy of the Agreement is attached as *Exhibit 1*. This case therefore should be dismissed under the Federal Arbitration Act.

5. Defendants therefore respectfully request that this Court enter an order enforcing the parties' contractual arbitration agreement and dismissing or staying this case.[5]

**CERTIFICATION OF LOCAL RULE 7.1(a) CONFERRAL**

6. The undersigned counsel conferred with Plaintiff on August 27, 2018, via telephone to determine whether Plaintiff opposes the relief sought herein. Plaintiff memorialized his position in a follow-up e-mail to the telephone call as follows:

> I am not opposed to TGS' & Eddie Carraro's demand for mediation however, I do not or will not waive my cause of action under Title VII and Section 1981 of CRA of 18 rights. Moreover, the Supreme Court decision in Alexander v. Gardner-Denver Co. 415 U.S. 36 (1974), does not prohibit me from pursuing justice in District Court which I believe to be the appropriate forum to seek justice against cases of racial discrimination in employment.

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(e)**

7. The undersigned counsel will provide to Plaintiff via Federal Express at the address listed on this Court's docket copies of all unpublished decisions cited below in Defendants' Memorandum of Law.

---

[5] As explained in greater detail below, decisions from this Court have been inconsistent as to whether dismissal or stay of a case is warranted when the parties are compelled to arbitration on all claims. Defendants thus seek dismissal of this case since all of Plaintiff's claims are subject to binding arbitration but ask for a stay of the proceedings in the alternative should this Court find a stay more appropriate.

# MEMORANDUM OF LAW

## INTRODUCTION AND SUMMARY OF ARGUMENTS

Plaintiff is a former security guard for TGS Management, LLC. He was terminated from his employment based on what was interpreted as an attempt to extort a payment of $600,000 and an award of "moral courage" from the company and its executives on the threat that he would "go to the media" with unsupported and demonstrably false allegations against the company and one of its affiliates. Plaintiff's claims were thoroughly investigated by the Equal Employment Opportunity Commission, the Colorado Civil Rights Division, and the Unemployment Insurance Division of the Colorado Department of Labor and Employment (and that agency's Appeals Branch). None of these agencies entered findings in Plaintiff's favor.

Plaintiff now sues TGS and TGS Management, LLC's former Vice President of Human Resources individually for employment discrimination under three federal statutes. Plaintiff, however, signed an employment agreement with TGS Management, LLC containing a mandatory binding arbitration clause with respect to any claim relating to Plaintiff's employment or the employment agreement itself. Defendants therefore respectfully move this Court for an order dismissing or staying this case and referring the parties to arbitration pursuant to Plaintiff's contractual agreement and obligations.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff signed the Agreement containing the mandatory arbitration provision on April 13, 2016. (Ex. 1 p. 8.) He was terminated later that same year on December 12, 2016. (Doc. 9 p. 5.) All of Plaintiff's claims in this case pertain to his employment with TGS Management, LLC and the termination of his employment by and through its agent, Carraro, who is the company's former Vice President of Human Resources. (*Id.*) Plaintiff filed his Complaint on August 6, 2018 (Doc.

7), and his Amended Complaint was docketed by this Court as the operative pleading in this case effective August 7, 2018. (Doc. 9.) TGS Management, LLC was served with a copy of the Amended Complaint on August 7, 2018. Carraro has not been served with the Complaint or Amended Complaint.

**ARGUMENT AND CITATION OF AUTHORITY**

**I.      The Applicable Standards Under The Federal Arbitration Act.**

The Federal Arbitration Act ("FAA") represents a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011) (internal citations omitted). When determining whether to enforce an arbitration provision, the FAA provides that written contracts to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The "fundamental principle that arbitration is a matter of contract" and that arbitration provisions should be enforced according to their terms is well established. *Concepcion*, 563 U.S. at 339. Thus, courts are directed to "rigorously enforce agreements to arbitrate." *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (internal quotation marks and citations omitted).

Where all of a plaintiff's claims are referable to arbitration and dismissal is specifically requested by the moving party, then the case should be dismissed rather than stayed. *Am. Family Mut. Ins. Co. v. Tamko Bldg. Prod., Inc.*, 178 F. Supp. 3d 1121, 1129 (D. Colo. 2016) (citing *Armijo v. Prudential Ins. Co. v. Am.*, 72 F.3d 793, 796–97 (10th Cir. 1995)). "[T]he majority of federal courts hold that a case may be dismissed, rather than stayed, when all claims therein are arbitrable." *Id.* (collecting cases). This Court has explained that dismissal and administrative closure of an employment case is appropriate where the entire action is referred to arbitration and

the length of time to complete the arbitration process is unknown. *Prosser v. Whayne & Sons Enterprises, Inc.*, 2015 WL 128534, at *2 (D. Colo. Jan. 8, 2015) (citing D. Colo. L. Civ. R. 41.2).[6] As set forth below, all of Plaintiff's claims in this case are subject to a valid and enforceable mandatory arbitration provision warranting dismissal of this case in its entirety and a referral to arbitration.

## II. The Mandatory Arbitration Provision Is Enforceable.

An arbitration agreement is enforceable if: (1) there is a valid agreement to arbitrate; and (2) the dispute falls within the scope of that agreement. *Nat'l Am. Ins. Co. v. SCOR Reins. Co.*, 362 F.3d 1288, 1290 (10th Cir. 2004). This case should be dismissed and referred to arbitration since both elements are satisfied in this case as set forth below.

### A. There Is A Valid Agreement To Arbitrate.

The mandatory arbitration provision in this case is valid and enforceable. "The existence of an agreement to arbitrate is a threshold matter which must be established before the FAA can be invoked." *Avedon Engineering, Inc. v. Seatex*, 126 F.3d 1279, 1287 (10th Cir. 1997). Generally, state law principles of contract formation govern whether a valid arbitration agreement exists. *Hardin v. First Cash Financial Services, Inc.*, 465 F.3d 470, 475 (10th Cir. 2006). In examining the validity of a similar mandatory arbitration provision in a case brought by another *pro se* plaintiff, this Court explained that "a promise exchanged for a promise 'imposes mutual

---

[6] Some decisions have held that a stay is the appropriate remedy when a case is referred to arbitration. *Am. Family Mut. Ins. Co. v. TAMKO Bldg. Prods.*, 178 F. Supp. 3d 1121, 1129 (D. Colo. 2016) (collecting cases) ("Although the Tenth Circuit has not addressed this issue directly, it has intimated that a district court may dismiss when all claims are arbitrable and the movant specifically request dismissal rather than a stay."). Defendants thus request dismissal of the case but ask for a stay in lieu of dismissal should this Court find a stay the more appropriate remedy.

obligations and is sufficient consideration to render a contract enforceable'" under Colorado law.[7]

*Adetomiwa v. Redstone Coll.*, 2015 WL 13730880, at *5 (D. Colo. Oct. 20, 2015) (citing *City of Colorado Springs v. Mountain View Electric Assoc., Inc.*, 925 P.2d 1378, 1383 (Colo. App. 1995)).

Similar to the agreement in *Adetomiwa*, the parties here mutually agreed to resolve "any controversy or claim arising out of or relating to this Agreement, or breach thereof" by "binding arbitration." (Ex. 1 § 21.2.) There is thus mutuality of obligation between the parties and sufficient consideration supporting the agreement—namely an exchange of promises. *Adetomiwa*, 2015 WL at *5. Further, this is not the type of one-sided, illusory arbitration provision that courts have previously invalidated. *Cf. Dumais v. Am. Golf Corp.*, 299 F.3d 1216, 1219 (10th Cir. 2002) (holding that "arbitration agreement allowing one party the unfettered right to alter the arbitration agreement's existence or its scope is illusory"). Rather, the parties here mutually agreed to arbitrate any and all disputes they might have between them relating to Plaintiff's employment or the Agreement itself. (Ex. 1 § 21.2.) The Agreement is therefore not illusory and is otherwise valid in every other respect under Colorado law. It should be enforced, the parties referred arbitration, and this case dismissed.

**B.    Plaintiff's Claims In This Case Are Within The Scope Of The Agreement.**

All of Plaintiff's claims fall within the purview of the broad arbitration provision in this case, satisfying the second element required for referral to arbitration. The rule is that arbitration provisions which apply, by their terms, to "[a]ny and all controversies, disputes or claims arising

---

[7] The Agreement specifically provides that it is to be interpreted and governed by Colorado law (Ex. 1 § 12.1); all events relating to this case occurred in Colorado; and the parties are all located in Colorado. (Doc. 9.) Colorado substantive law therefore governs the interpretation of the Agreement. *See Adetomiwa v. Redstone Coll.*, 2015 WL 13730880, at *4 (D. Colo. Oct. 20, 2015) (holding that Colorado substantive law applied to *pro se* plaintiff's arbitration provision under similar facts).

out of or relating to" the agreement at issue are considered "broad in scope." *Metal Corp. v. Riggs*, 2006 WL 6356808, at *1–2 (D. Colo. Feb. 2, 2006) (internal quotes and citations omitted). And where the arbitration clause is "broad in scope" there is "a presumption of arbitrability." *Id.*

The arbitration provision here—like the one in *Riggs*, another employment case—broadly applies to "any controversy or claim arising out of or relating to this Agreement, or breach thereof." (Ex. 1 § 21.2.) All of Plaintiff's claims are based on his employment (and termination thereof) with TGS (Doc. 9 pp. 2–6), and so his claims all arise out of and/or relate to the Agreement. Accordingly, as in *Riggs*, all of Plaintiff's claims are subject to the broad mandatory arbitration provision. *Riggs*, 2006 WL at *2–3 (holding that the plaintiff's claims against her former employer and employer's employee all fell within scope of broadly-worded arbitration provision which applied to "[a]ny and all controversies, disputes or claims arising out of or relating to this Agreement").

Moreover, all of Plaintiff's specific statutory claims are arbitrable. *Adams v. FedEx Ground Package Sys., Inc.*, 2013 WL 1164426, at *2 (D. Colo. Mar. 1, 2013), *aff'd sub nom. Adams v. FedEx Ground Package Sys., Inc.*, 546 F. App'x 772 (10th Cir. 2013) (recognizing that *pro se* plaintiff's claims under Title VII, the ADEA, and 42 U.S.C. § 1981 (along with other Colorado common law claims) were all arbitrable). This Court should therefore enforce the mandatory arbitration provision, refer the case to arbitration, and dismiss this case.

### C. The Claims Against Carraro Are Subject To Arbitration.

Although Carraro is not a signatory to the Agreement, he is nonetheless entitled to seek enforcement of the arbitration provision through the doctrine of equitable estoppel. As explained by Judge Daniel, "[t]his Court recognizes the doctrine of equitable estoppel as a vehicle to compel non-signatories to arbitrate with signatories." *Wolford v. Flint Trading, Inc.*, 2014 WL 3747177,

at *5 (D. Colo. July 30, 2014) (collecting cases). Application of the equitable estoppel doctrine is warranted when the signatory to the contract containing an arbitration clause raises allegations of "substantially interdependent and concerted misconduct" by both the non-signatory and one or more of the signatories to the contract. *Id.* at *6. In *Wolford*, all of the plaintiff's claims were alleged against the signatory and non-signatory and the facts of those allegations were substantially the same. The Court thus compelled arbitration against both the signatory and non-signatory. *Id.*

Those same facts are present here. First, all of Plaintiff's claims are alleged without distinction against both TGS and Carraro. (Doc. 9 pp. 3–7.) Second, the facts set forth in the Amended Complaint are clear that Plaintiff is only suing Carraro for actions he took pertaining to Plaintiff's employment (and termination thereof) with TGS as its agent in Carraro's former capacity as TGS's Vice President of Human Resources. (*Id.*) Plaintiff's Amended Complaint therefore raises allegations of "substantially interdependent and concerted misconduct" by TGS and Carraro, warranting enforcement of the arbitration provision referral to arbitration as to both Defendants and all claims.

Referral to arbitration here would be consistent with weight of authority from this Court. *See Adams v. Modernad Media, LLC*, 2013 WL 674024, at *5 (D. Colo. Feb. 25, 2013) (compelling arbitration of wrongful termination claims under employment agreement as to both the plaintiff's former employer and its president, a non-signatory to the agreement, based on the "close relationship between the claims"); *GATX Mgmt. Servs., LLC v. Weakland*, 171 F. Supp. 2d 1159, 1167 (D. Colo. 2001) (granting non-signatory's request to compel arbitration based on relatedness of claims); *Amazing Techs., LLC v. Blacklodge Studios, LLC*, 2012 WL 683512, at *5 (D. Colo. Mar. 2, 2012) (same); *Clowdis v. Colorado Hi-Tec Moving & Storage, Inc.*, 2011 WL 5882191, at *10 (D. Colo. Nov. 3, 2011), *adopted*, 2012 WL 895701 (D. Colo. Mar. 15, 2012) (allowing non-

signatories to an arbitration agreement to compel arbitration because the plaintiff alleged that the non-signatory was an agent of signatory); *Roe v. Gray*, 165 F. Supp. 2d 1164, 1174–75 (D. Colo. 2001) (same). This Court should therefore compel arbitration of all of Plaintiff's claims against both Defendants.[8]

### D. The Contractual Condition Precedent To Arbitration Has Been Met.

Whether a contractual condition precedent to arbitration has been met is an issue that must be decided by the arbitrator. "[W]hether prerequisites such as time limits, notice, latches, estoppels and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrator to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). This rule has been applied by this Court. *Adams v. Modernad Media, LLC*, 2013 WL 674024, at *4 (D. Colo. Feb. 25, 2013) (holding that whether condition precedent to arbitration had been met was "a procedural [question] for the arbitrator"); *Todd Habermann Construction Inc. v. Epstein*, 70 F. Supp. 2d 1170, 1176 (D. Colo. 1999) ("questions concerning the procedural prerequisites to arbitration are to be left to the arbitrator").

The procedural prerequisite to arbitration here is that one party first demand mediation of the claims at issue. (Ex. 1 § 21.2.) If claims are not resolved within 60 days of service of that demand, then any unresolved claims are "settled by binding arbitration." (*Id.*) A similar condition precedent was interpreted by this Court in *Lenox-Maclaren Surgical Corp. v. Medtronic Sofamor Danek USA, Inc.*, 2008 WL 3851936 (D. Colo. 2008). There, the agreement between the parties required that they participate in mediation prior to arbitration. *Id.* at *7. The *Lenox* plaintiff argued

---

[8] It is worth noting here that the claims against Carraro are likely subject to immediate dismissal. *See, e.g.*, *Clark v. DCPS*, 2018 WL 3329554, at *2 (D. Colo. July 6, 2018) ("personal capacity suits against individual supervisors are inappropriate under Title VII") (citations omitted); *Pinkard v. Lozano*, 2007 WL 4116019, at *2 (D. Colo. Nov. 16, 2007) (holding that there is no individual liability under the ADEA).

that the court, rather than the arbitrator, should decide whether the condition precedent had been satisfied. *Id.* This Court, however, gave that argument short shrift, holding that whether the condition precedent had been satisfied was for the arbitrator to decide. *Id.* at *8.

Should this Court nevertheless substantively examine the issue here, Defendants sent a written demand for mediation to Plaintiff vie FedEx overnight on August 22, 2018. A copy of that demand is attached as *Exhibit 2*. As evidenced by the Federal Express delivery receipt attached as *Exhibit 3*, the demand was received by Plaintiff on August 23, 2018.[9] The 60-day mediation period has thus already begun, and the right to binding arbitration will therefore accrue on October 22, 2018, unless the claims are resolved by the parties before that date. (Ex. 1 § 21.2.) Only the mere passage of time stands between the parties and their right to binding arbitration as of the filing of this Motion. This Court should therefore refer this matter to arbitration and dismiss the case.

## CONCLUSION

Plaintiff entered into a valid and binding contractual agreement to arbitrate any and all claims he may have relating to his employment with TGS or the termination thereof. All of Plaintiff's claims in this case fall within the scope of that mandatory arbitration provision. Given the relatedness of the claims and parties, TGS and Carraro are both entitled to enforce the mandatory arbitration provision and hereby do so. This Court should therefore enter an order referring Plaintiff's claims to arbitration and dismissing this case.

---

[9] Pursuant to the Agreement, when notice is sent by a "nationally-recognized express mail service," notice is effective "upon receipt . . . on the delivery date reflected by the courier or express mail service receipt." (Ex. 1 § 21.8.)

Respectfully submitted this 28th day of August 2018.

               */s/ John S. Gibbs III*
               John S. Gibbs III
               Colorado Bar No. 51650
               evan.gibbs@troutman.com

               TROUTMAN SANDERS LLP
               600 Peachtree Street, NE
               Suite 3000
               Atlanta, GA 30308
               (404) 885-3093 (phone)
               (404) 962-6522 (facsimile)

               Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2018, this document was electronically filed with the Clerk of Court using the CM/ECF electronic filing system, and that a copy thereof was sent via Federal Express to Plaintiff via his address on file with this Court's docket.

               */s/ John S. Gibbs III*
               Counsel for Defendants